## JOSIAH DOWLING v. THOMAS M. DUKE.

An administrator cannot maintain a suit on a note given for the purchase money of land sold by him at public sale, while he fails and refuses to return the sale and have it confirmed.

Error from Lavacca. Tried below before the Hon. Fielding Jones.

Suit by defendant in error, commenced March 10th, 1856, against plaintiff in error and Thomas A. Hester, on their joint and several promissory note for $780, dated Oct. 4, 1854, and payable on the first day of Oct. 1855. Answer by defendants as follows :—

And now come the defendants, and for answer deny all and singular the allegations set forth in plaintiff's petition, except such as are hereinafter admitted; and for further answer defendants say that it is true that they did on or about the 4th day of Oct. 1854, execute unto the said Duke, their promissory note for $780; that the said Duke represented himself as administrator of the estate of Joseph Hall, deceased; and under said representation as said administrator, exposed to public sale a certain tract of land being and situated in the county of Lavacca, State aforesaid; and defendants being the highest bidders became the purchasers of said land for the sum of seven hundred and eighty dollars, for which amount they executed said note and also executed to the said Duke a mortgage on said land for the payment of the same; a certified copy of which mortgage is hereto at-

tached and asked to be made a part of this petition. Your defendants further say that said Duke has never made a return of the sale of said land to the County Court of Matagorda, that granted (if such order ever was made) the order as the law requires. Nor has the said County Court ever confirmed the sale of said land, as sold by said Duke; but the said Duke hath wholly failed and refused to comply with the requirements of the statutes in regard to probate sales of land. They further state that the said Duke as aforesaid, has never made nor offered to make unto said defendants a good and valid deed to said tract of land, although defendants have always been and are now ready and willing to pay the said amount of said note upon the said Duke complying as aforesaid with the statutes as aforesaid, and making to your defendants a good and valid title to the land aforesaid; all of which the said Duke has refused and still refuses to do to the great damage of defendants, to wit: the sum of five hundred dollars; wherefore defendants ask that said plaintiff be compelled to answer to the allegations herein set forth, and for judgment against said Duke for said amount of damages and for cost of suit, and general relief.

Amendment of answer as follows:—

Now come the defendants by their attorneys, leave of the Court first had and obtained, and for amendment say, That the said mortgage spoken of in the original answer, is not on record in the County Court of Lavacca county, but the said plaintiff has it in his possession, and your defendants are unable to obtain it or a certified copy thereof; wherefore they ask the Court that the said plaintiff, Thomas M. Duke, be required to produce the said mortgage in Court, or otherwise the said defendants will be allowed to prove the contents of the same.

Plaintiff moved to strike out the answer of defendants, for the reason that it was insufficient in law to entitle the defendants to the defence attempted to be set up in said answer.

The entry of judgment recited that this cause came on to be heard upon the plaintiff's exceptions to defendants' amended answer, which exceptions were sustained by the Court; whereupon came a jury, &c. Judgment for plaintiff. Writ of error by Josiah Dowling, one of the defendants.


*R. M. Tevis*, for plaintiff in error.

*W. T. Rogers*, for defendant in error. There was no error

in the Court's sustaining the exceptions to the amended answer, the exceptions to the original answer being waived, and only heard to the amended answer. Defendant in error suggests delay.

WHEELER, J. If the averments of the answer be true, the plaintiff has wholly failed to perform on his part the contract, of which he is seeking to compel performance by the defendants. It is quite too clear for argument, that he cannot enforce the contract by compelling the defendants to pay the purchase money, until he has performed or shown a willingness and ability to perform on his part. The answer, if true, presented a good defence to the action; and it was error to sustain the demurrer.

It is said the exceptions to the original answer were waived; exceptions appearing to have been sustained to the amended answer. We do not so regard it. There were no exceptions to the "amended answer." The ruling of the Court can have had reference to nothing but the demurrer to the answer. It was sustained to the answer as amended. The judgment is reversed as to the defendant who has prosecuted the writ of error, and the cause remanded.

Reversed and remanded.